UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **LOUIS LANDRY** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| **MARK GARBER**, in his official capacity as the duly elected Sheriff of the Parish of Lafayette; **ROB REARDON**, individually and in his official capacity as Director of Corrections and an employee of Lafayette Parish Sheriff; and **DAMIEN ALLEN**, individually and in his official capacity as a Deputy Sheriff for the Parish of Lafayette | **JUDGE:** **MAGISTRATE:** **JURY DEMANDED** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and under the laws of Louisiana against Mark Garber, his official capacity as the duly-elected Sheriff of the Parish of Lafayette, Rob Reardon, individually and in his official as Director of Corrections and an employee of the Lafayette Parish Sheriff; and Damien Allen, individually and in his official as a Deputy Sheriff for the Parish of Lafayette.

### JURISDICTION

1.

This action for monetary damages is brought pursuant to 42 U.S.C.1983 as well as the Constitution of the United States and the State of Louisiana, the United States Code, Louisiana

1

Civil Code and the Revised Statues of Louisiana. Jurisdiction is founded on 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including but not limited to Article 2315, et seq, of the Louisiana Civil Code.

2.

The complaints further allege the Defendants are liable *in solido* (or according to such determination as the Court may make) to the plaintiff for the damages, costs, fees and expenses described in this Complaint for the reasons described in the following sections of this Complaint.

**VENUE**

3.

Venue lies in this Court under 28 USC § 1391(b) (2), as the events giving rise to this claim occurred within this judicial district.

**PARTIES**

4.

Complainant, **LOUIS LANDRY**, is a person of the full age of majority and a resident of Lafayette Parish, Louisiana.

5.

Made defendants herein are the following:

(1) **MARK GARBER**, in his official capacity as the duly elected Sheriff of the Parish of Lafayette; upon information and belief, the duly-elected Sheriff of the Parish of Lafayette, State of Louisiana, and the employer of Lafayette Parish Sheriff's Deputies.  Mark Garber is sued herein in his official capacity as the duly-elected Sheriff of the Parish of Lafayette, who can be served at his place of employment, the Lafayette Parish Sheriff, at 316 W. Main Street, Lafayette, Louisiana;

(2) **ROB REARDON,** individually and in his official capacity as a Director of Corrections and an employee of the Lafayette Parish Sheriff**,** upon information

and belief, a person of the full age of majority and a resident of the Parish of Lafayette, who can be served at his place of employment, the Lafayette Parish Sheriff, at 316 W. Main Street, Lafayette, Louisiana;

(3) **DAMIEN ALLEN**, individually and in his official as a Deputy Sheriff for the Parish of Lafayette; upon information and belief, a person of the full age of majority and a resident of the Parish of Lafayette, who can be served at his residence at 300 Amesbury Drive, Lafayette, Louisiana;

6.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

## COMMON FACTS ALLEDGED IN SUPPORT OF LIABILITY –

## ALL CAUSES OF ACTION

7.

At all times pertinent, the complainant, LOUIS LANDRY, affirms and attests that:

8.

On March 29, 2018, petitioner, Louis Landry, was incarcerated at the Lafayette Parish Correctional Center located at 916 Lafayette Street, Lafayette, Louisiana.

9.

The Lafayette Parish Correctional Center is operated under the direction of Sheriff Mark Garber, the policy maker for the Lafayette Parish Sheriff's Office.

10.

At approximately 6:00pm on March 29, 2018 Louis Landry was in his Pod during roll call/head count. Deputy Damien Allen, accompanied by an Unknown W/M Deputy, entered the unit where Petitioner's Pod was housed, and began making comments to Petitioner, and asking if he "wanted to fight", and encouraging Petitioner to come at him and fight. Petitioner declined, and told the Deputy he did not want to fight him. The Deputies then completed the head count.

11.

Deputy Damien Allen and the unknown W/M Deputy entered Louis Landry's cell with no provocation or reason. Deputy Damien Allen told Petitioner that he was "Not scared of him" and proceeded to pull him out of his pod, and slammed Petitioner into a security door.

12.

While Petitioner was restrained by Deputy Allen, who was holding him against the door with his hand around Petitioner's throat, Deputy Allen punched him in the face, causing a large laceration on Petitioners face.

13.

Petitioner was then transported to University Health Center, where he received stitches to his face.

14.

Petitioner was cuffed and returned to his cell.

15.

Deputy Damien Allen was subsequently arrested and charged for assault and battery, and placed on administrative unpaid leave.

16.

The force used against Louis Landry was excessive and was in no way related to carryign out a legitimate penalogical interest.

17.

The attack was maliciously and sadistically carried out and continued even though Louis Landry did not offer any resistance.

18.

Based on information and belief, Sheriff Deputy Damien Allen, participated in the attack.

19.

Despite Sheriff Mark Garber's actual knowledge of this pattern of violence, he has failed to take reasonable measures to halt the abuses, particularly within the jails.

20.

Despite Rob Reardon's actual knowledge of this pattern of violence, he has failed to take reasonable measures to halt the abuses particularly within the jail.

21.

Incidents of excessive force have resulted from a failure of leadership at the top level of the agency. Such a pervasive, deeply-entrenched, and notorious pattern of excessive force could not have continued unabated over a period of many years without a code of silence on the part of front-line and supervisory staff, combined with management staff's failure to require accountability, and/or their engaging in outright cover-up.

22.

Mark Garber has failed and/or refused to hold accountable high-ranking supervisors in the face of significant nonfeasance and/or malfeasance by these supervisors and/or by the Deputies they oversee.

23.

Despite the defendants knowledge of the serious problem of improper and excessive use of force amongst staff of the Lafayette Parish Sheriff, Mark Garber and/or Rob Reardon have repeatedly failed to take reasonable steps to address the probem.

24.

Mark Garber and/or Rob Reardon have failed to put in place adequate policies governing use of force. Policies are grossly lacking in specificity about typical force scenarios that are likely to arise in the jails and the proper way for personnel assigned to Corrections to handle those situations.

25.

The insufficiency of the force policies makes it almost impossible to train deputies adequately on the proper use of force.

26.

Mark Garber and/or Rob Reardon have failed to implement a system for identifying, logging, and tracking incidents of use of force by deputies and complaints by inmates of use of force by deputies in the jails operated by the Lafayette Parish Sheriff.

27.

For approximately ten years, the Lafayette Parish Sheriff' has had a computerized system capable of both tracking use of force information and providing early warning by identifying staff involved in multiple use of force incidents. After implementation Defendants modified the system to change the reporting requirements for staff in Corrections. Defendants have either designed their system to reduce the number of use of force incidents being reported and/or they have failed to adequately monitor the information in an effort to reduce the number of incidents of excessive or unnecessary use of force. Nor have they created a system to that tracks inmate complaints about use of force by deputies in the jails operated by the Lafayette Parish Sheriff.

28.

Defendants have abjectly failed to develop policies that address the problem of brutality with employees of the Lafayette Parish Sheriff. Policies regarding use of force, investigation of use of force, discipline for deputies who have used excessive force or failed to report use of force, supervisors who have mishandled investigations of force, and training of deputies and supervisors all fail to meaningfully address the problem. When allegations of deputy violence arise, they are infrequently investigated, and deputies are rarely disciplined. Defendants have failed to track incidents of violence, even though systems for doing so are readily available and commonly used. In this way, Defendants have fostered a pattern and practice of deputy violence against inmates, which places inmates at a significant, ongoing risk of serious and irreparable injury. Deputies and supervisors alike have come to believe that committing abuse (or failing to investigate abuse) will have absolutely no negative impact on one's career. As a result, physical abuse by deputies continues unchecked. The persistent failure or refusal of Mark Garber and Rob Reardon to supervise deputies properly or take action to curb the misconduct demonstrates the Defendants' deliberate indifference to the petitioners' right to reasonable protection from harm.

29.

The failures of Defendants Mark Garber and Rob Reardon to take appropriate steps to curb the pattern of brutality within the Lafayette Parish Sheriff, as described in this complaint, constitutes deliberate indifference to petitioner's basic need for reasonable protection from harm and violates plaintiff's right to be free from cruel and unusual punishment, including physical abuse and intimidation, degrading, cruel, and sadistic treatment, and the wanton and needless infliction of pain, as guaranteed to petitioner by the Eighth and Fourteenth Amendments to the Unites States Constitution.

30.

At all times material hereto, Sheriff Deputy Damien Allen, was in the course and scope of his employment with the Lafayette Parish Sheriff and was acting under color of law, while employed, controlled, and supervised by Mark Garber, as the duly-elected Sheriff of the Parish of Lafayette and/or Rob Reardon, as the Director of Corrections for the Lafayette Parish Sheriff.

31.

At all times during the offenses described above, Sheriff Deputy Damien Allen was engaged in a personal venture. Deputy Allen performed the various actions described above and let his physical presence and support and the authority of his office be known during the said events.

32.

As a direct and proximate result of the said incidents by the defendant, petitioner, Louis Landry, suffered the following injuries and damages:

(a) Use of excessive force in violation of his civil rights under 42 U.S.C. §1983;

(b) Pain and suffering;

(c) Mental anguish, and emotional pain and suffering;

(d) Medical bills and expenses;

(e) Loss of enjoyment of life;

(f) For all damages allowed under Civil Code Article 2315;

(g) Attorney's fees pursuant to 42 U.S.C. § 1988;

(h) Punitive damages against Sheriff Deputy and Director of Corrections Rob Reardon in his personal capacity;

(i) Punitive damages against Sheriff Deputy Damien Allen in his personal capacity.

(j)

33.

The actions of the defendant violated the following, clearly established and well-settled federal and state constitutional rights of Louis Landry to be:

(a) Free from the use of excessive and unreasonably justified force against his person;

## COUNT ONE:
## 42 U.S.C. §1983 AGAINST INDIVIDUAL DEFENDANT

34.

By reason of the allegations set forth in the foregoing paragraphs, petitioner, Louis Landry, was deprived by the Defendants of his rights, under the Eighth and Fourteenth Amendments to the United States Constitution, to due process of law, right to be free from punishment without due process, gratuitous and excessive force, degrading and sadistic treatment.

35.

Petitioner, Louis Landry, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, Sheriff Mark Garber, both in his individual capacity and in his official capacity as a Sheriff for the Parish of Lafayette, for violation of his constitutional rights under Color of Law.

36.

Petitioner, Louis Landry, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, Rob Reardon, both in his individual capacity and in his official capacity as a Deputy Sheriff and/or Director of Corrections for the Lafayette Sheriff, for violation of his constitutional rights under Color of Law.

37.

Petitioner, Louis Landry, claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the defendant, Damien Allen, both in his individual capacity and in his official capacity as a Deputy Sheriff for the Lafayette Sheriff, for violation of his constitutional rights under Color of Law.

## COUNT TWO:
## ASSAULT AND BATTERY AGAINST INDIVIDUAL DEFENDANT

38.

By reason of the allegations set forth in the foregoing paragraphs are incorporated herein by reference as though fully set forth.

39.

Defendant, Deputy Sheriff Damien Allen assaulted and battered Louis Landry, in violation of Louisiana state law, specifically, La. C.C. art. 2315, et seq.

40.

At all times material and present, defendant Deputy Sheriff Damien Allen, was acting within the course and scope of his employment with the Lafayette Parish Sheriff, and therefore, Mark Garber as the duly-elected Sheriff of the Parish of Lafayette is vicariously liable pursuant to Louisiana state law for the assault and battery, committed by its employee, Deputy Sheriff Damien Allen.

## COUNT THREE:

41.

The foregoing paragraphs are incorporated herein by reference as though fully set forth.

42.

Prior to March 28, 2018, Mark Garber as the duly-elected Sheriff of the Parish of Lafayette developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the people of Lafayette Parish, specifically regarding the use of excessive force and/or unjustified force, which caused the violation of Louis Landry's constitutional rights.

43.

It was the policy and/or custom of Mark Garber as the duly-elected Sheriff of the Parish of Lafayette to inadequately and improperly investigated complaints of deputy misconduct, and the acts of misconduct which were instead tolerated.

44.

It was the policy and/or custom of the Mark Garber as the duly-elected Sheriff of the Parish of Lafayette, to inadequately supervise and/or train its sheriff deputies, including the defendant deputy thereby failing to adequately discourage further constitutional violations on the part of its sheriff deputies.

45.

As a result of the above described policies and/or customs, Deputy Sheriff's for the Parish of Lafayette, including the defendants, Deputy Damien Allen believed that their actions would not be properly monitored by supervisory Deputies and that misconduct would not be investigated or sanctioned, but would be tolerated.

46.

The above described policies and customs demonstrate a deliberate indifference on the part of the policy makers of the Parish of Lafayette to the constitutional rights of persons within the Parish of Lafayette and were the cause of the violations of plaintiff's rights alleged herein.

## **COUNT FOUR:**

47.

Foregoing paragraphs are incorporated herein by reference as though fully set forth.

48.

Further, plaintiff specifically alleges defendant, Mark Garber as the duly-elected Sheriff of the Parish of Lafayette, condoned the establishment of practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of plaintiff's constitutional rights as set out herein. Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

(a) Inadequate and improper training, education, supervision, and discipline of law enforcement agents/Deputes/deputies commissioned and employed by it;

(b) Condoning and allowing police behavior that has been declared unconstitutional and unlawful;

(c) Inadequate and improper procedures, policies and practices for identifying and taking appropriate action against law enforcement agents/Deputies/deputies and employees who are in need of re-training, corrective measures, re-assignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to prevent the violations of citizens' constitutional and civil rights, including those of plaintiff;

(d) Negligent selection, appointment, and retention of Rob Reardon, and Damien Allen;

(e) Failure to conduct appropriate and adequate internal investigations;

(f) Failure to correct a police "code of silence";

(g) Failure to provide a meaningful avenue for independent and impartial internal investigations;

  (h) Vicarious liability for the acts and omissions of Rob Reardon, and Damien Allen, under the doctrine of *respondeat superior* and La. C.C. Art. 2317; and

  (i) All other acts and omissions which constitute actionable injury, including negligence, intentional negligence and negligence per se under Louisiana law.

49.

As a result of their unlawful and unconstitutional conduct, defendants, Mark Garber, individually and in his official capacity as the duly-elected Sheriff of the Parish of Lafayette, Rob Reardon, individually and in his official as Director of Corrections and an employee of the Lafayette Parish Sheriff; Damien Allen, individually and in his official as a Deputy Sheriff for the Parish of Lafayette; jointly, individually and *in solido,* deprived plaintiff of his civil rights under 42 U.S.C. § 1983.  Said defendants are liable, individually, jointly and *in solido,* unto plaintiff for such damages.

50.

The malicious actions, lack of actions, breach of duties, negligence and gross negligence of defendants individually and/or together caused physical and emotional harm and ultimately the injuries to Louis Landry and constitute wrongful and intentional torts under Louisiana Civil Code Articles 2315, 2316, and 2320.

51.

The defendant, Mark Garber, as the duly-elected Sheriff of the Parish of Lafayette, acted in violation of Louisiana Civil Code Article 2315 and 2316 by negligently hiring, training, supervising and disciplining of the defendants, Rob Reardon, and Deputy Sheriff Damien Allen, regarding constitutional rights and/or the use of force.

51.

As a direct and proximate cause of the negligence and intentional acts, and constitutional torts and violations of his civil rights under 42 U.S.C. § 1983 and other Louisiana laws, petitioner suffered damages of physical harm and severe mental anguish.

**WHEREFORE**, petitioner, Louis Landry, prays that a jury trial be had as to the issues triable by jury;  that compensatory damages to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that punitive damages to be fixed by a jury against the defendants, MARK GARBER**,** in his official capacity as the duly elected Sheriff of the Parish of Lafayette; ROB REARDON, individually and in his official capacity as Director of Corrections and an employee of Lafayette Parish Sheriff; and DAMIEN ALLEN, individually and in his official capacity as a Deputy Sheriff for the Parish of Lafayette, be awarded; that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorney's fees be awarded herein to plaintiff and that such attorney's fees be assessed against the defendants, individually, jointly and *in solido*; and, for any and all other relief that this Court deems just and proper.

    Respectfully submitted:

    **L. CLAYTON BURGESS, A P.L.C.**
    605 West Congress Street
    Lafayette, Louisiana 70502-52 7050150
    Telephone:  (337) 234-7573
    Facsimile: (337) 233-3890


    s/<u>L. Clayton Burgess</u>
    **L. CLAYTON BURGESS, T.A.** (22979)
    **ASHLEY L. CUTLER** (37565)
    Attorney for Plaintiff