UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LOUIS LANDRY | CIVIL ACTION NO. 6:19-cv-00367 |
| VERSUS | JUDGE JUNEAU |
| MARK GARBER, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the court is a motion to dismiss (Rec. Doc. 3), which was filed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) by the defendants, Mark Garber, the Sheriff of Lafayette Parish, and former sheriff's office employee Rob Reardon. The motion is opposed[1] and has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be GRANTED and the

---

[1] The plaintiff's response to the motion was not timely filed. Under Local Rule 7.5, a response to a motion is due not more twenty-one days after the motion is filed. The motion was filed on May 16, 2019, but the plaintiff's response was not filed until June 11, 2019, which was twenty-six days after the motion was filed. Because the response was filed late, this Court could consider the motion to be unopposed. However, since this litigation remains in its earliest stage and declining to consider the plaintiff's opposition memorandum would not alter the result reached in this report and recommendation, this Court will allow the response even though it was filed late. The plaintiff is strongly cautioned to become familiar with and comply with the local rules.

plaintiff's claims against Mr. Reardon and Sheriff Garber should be dismissed without prejudice.

## BACKGROUND

In his complaint, the plaintiff, Louis Landry, alleged that he was incarcerated at the Lafayette Parish Correctional Center in Lafayette, Louisiana on March 29, 2018, when Deputy Sheriff Damien Allen and another unknown deputy entered the unit where he was housed and encouraged him to come out and fight. After the plaintiff allegedly declined to fight, the deputies allegedly entered the plaintiff's cell, pulled him out of the cell, and slammed him into a door. Deputy Allen allegedly held the plaintiff against the door with his hand around the plaintiff's throat then punched him in the face, causing lacerations. The plaintiff was taken to University Health Center, where he received stitches in his face. He was then cuffed and returned to his cell. Deputy Allen was allegedly arrested, charged with assault and battery, and placed on unpaid administrative leave.

The plaintiff alleged that this incident was malicious and sadistic. The plaintiff further alleged that it was part of a pattern of violence known to Lafayette Parish Sheriff Mark Garber and the sheriff's Director of Corrections, Rob Reardon, who have allegedly failed to address the problem.

The plaintiff brought this lawsuit under 42 U.S.C. § 1983, alleging that Deputy Allen's actions violated rights guaranteed to the plaintiff by the Eighth and

Fourteenth Amendments to the United States Constitution, including the right to be free from punishment with due process, gratuitous and excessive force, and degrading and sadistic treatment. He sued Sheriff Garber, Mr. Reardon, and Deputy Allen in their official and individual capacities with regard to the alleged Constitutional violations. The plaintiff also alleged that Sheriff Garber developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of citizens, particularly with regard to the use of excessive or unjustified force by his deputies, evidenced by his inadequate supervision and training of deputies and his inadequate investigation of complaints of deputy misconduct. The plaintiff also asserted state-law claims for assault and battery against Deputy Allen and alleged that Sheriff Garber is vicariously liable under Louisiana law for the assault and battery allegedly committed by his employee, Deputy Allen. The plaintiff also alleged that Sheriff Garber is liable under state law for his allegedly negligent hiring, training, supervising, and disciplining of Mr. Reardon and Deputy Allen.

Sheriff Garber and Mr. Reardon responded to the plaintiff's complaint by filing the instant motion to dismiss.

## LAW AND ANALYSIS

In support of their motion to dismiss, Sheriff Garber and Mr. Reardon argued that service was not properly made on Sheriff Garber or on Mr. Reardon. They

argued that the plaintiff failed to state an official capacity claim against Mr. Reardon because a claim against an employee is a claim against the governmental entity he works for.  They argued that the plaintiff failed to state a vicarious liability claim against Sheriff Garber under Section 1983.  They argued that the complaint failed to state a claim against the sheriff under Section 1983 because no specific facts establishing a custom, practice, or policy sufficient to impose municipal liability were alleged.  They argued that the complaint failed to state a claim for failure to supervise and failure to train because insufficient facts were alleged.  Finally, they argued that the complaint failed to state claims against Sheriff Garber and Mr. Reardon because they are entitled to qualified immunity.

**A.**     **The Standard for Sufficient Service of Process**

A plaintiff is required to serve the summons and a copy of the complaint upon each defendant in a timely and proper manner.[2]  Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may challenge the plaintiff's failure to serve the defendant or challenge the means by which the plaintiff delivered the summons and complaint to the defendant.  Therefore, a Rule 12(b)(5) motion turns on the legal sufficiency of the service of process.[3]  Once the validity of service of process has been contested by the defendant, the plaintiff bears the burden of establishing its

---

[2]     See Fed. R. Civ. P. 4.

[3]     *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012).

validity.[4] In the absence of valid service of process, proceedings against a party are void[5] because a court cannot exercise personal jurisdiction over a defendant unless he was properly served.[6] For that reason, a district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process.[7]

In this case, it is undisputed that the plaintiff attempted to serve Sheriff Garber and Mr. Reardon by having a private process server leave the summonses and copies of the complaint with Alyse Lanclos, a sheriff's office employee who was working at the front reception desk of the sheriff's office on April 2, 2019. (Rec. Doc. 3-2). The issue to be resolved is whether leaving the papers with Ms. Lanclos constituted sufficient service on Mr. Reardon and Sheriff Garber.

## B. Service on Mr. Reardon

Mr. Reardon and Sheriff Garber argued that service on Mr. Reardon was not perfected when a summons and a copy of the complaint were delivered to the receptionist at the Lafayette Parish Sheriff's Office. Under Rule 4(e) of the Federal Rules of Civil Procedure, service on an individual may be accomplished either in

---

[4] *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

[5] *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968).

[6] *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). See

[7] *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

accordance with the rules of the state where the court is located or by delivering the summons and complaint to the individual personally, leaving the papers at the individual's home with an appropriate person who also lives there, or by delivering the papers to the individual's agent for service of process. Under Louisiana law, an individual may similarly be served personally, by delivery to an appropriate person residing at his home, or by delivery to a duly appointed agent for service of process.[8] Neither federal law nor state law permits service on an individual by delivering the papers to the person's workplace. Therefore, service on Mr. Reardon was not properly effected.

Furthermore, according to evidence presented by Mr. Reardon and Sheriff Garber, Mr. Reardon's employment with the Sheriff's Office ended in June 2016. (Rec. Doc. 3-3). The events sued upon allegedly occurred in March 2018 (Rec. Doc. 1 at 3-4), and service was attempted on April 2, 2019 (Rec. Doc. 3-2). In his response to the motion, the plaintiff admitted that service was not properly made on Mr. Reardon by delivering the papers to the Sheriff's Office (Rec. Doc. 8 at 4). Accordingly, this Court will recommend that the claim asserted by the plaintiff against Mr. Reardon should be dismissed for insufficient service of process.

---

[8] Articles 1231-1235 of the Louisiana Code of Civil Procedure.

C. **Service on Sheriff Garber**

Sheriff Garber and Mr. Reardon argued that the delivery of the summons and complaint to the receptionist at the sheriff's office was insufficient service on Sheriff Garber. Under Rule 4(j)(2) of the Federal Rules of Civil Procedure, a state or a state-created governmental organization that is subject to suit "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." While Sheriff Garber is the chief executive officer of the Lafayette Parish Sheriff's Office, it is undisputed that he was not served personally. Therefore, to be effective, the delivery of the service documents to his employee would have to comply with Louisiana law.

A Louisiana sheriff is a political subdivision of the state,[9] and Article 1265 of the Louisiana Code of Civil Procedure specifies the method for effecting service on political subdivisions, reading as follows:

> Service of citation or other process on any political subdivision. . . is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion.[10]

---

[9] La. R.S. 13:5102(B)(1).

[10] Article 1265 of the Louisiana Code of Civil Procedure.

Thus, effective service would require delivery of the papers to Sheriff Garber himself or, in the event that Sheriff Garber was not present when delivery of the papers was attempted, delivery of the papers to a suitable person at the sheriff's office.

Mr. Reardon and Sheriff Garber argued that delivery of the papers to Ms. Lanclos was not sufficient because the process server failed to ascertain whether Sheriff Garber was present before leaving the papers with Ms. Lanclos. In response, the plaintiff submitted the affidavit of the process server, Scott Frank, for the purpose of showing that Sheriff Garber was not present when Mr. Frank attempted to serve him. However, the affidavit falls short of its purported goal. In the affidavit, Mr. Frank did not state that he left the papers with Ms. Lanclos after determining that Sheriff Garber was not present in the office and could not be personally served. Instead, he stated that "[i]t *appeared* to him [Mr. Frank] that the Sheriff was not present at the time of service. . . ." (Rec. Doc. 8-4) (emphasis added). The cited Louisiana statute is clear that service can be made on a public official such as a sheriff by leaving documents with one of his employees only when the official is absent. This required, at a minimum, an inquiry into whether Sheriff Garber was in the office that day. But no such inquiry – and no response to any such inquiry – was established. The plaintiff bears the burden of proving that service was properly

carried out, and he has not satisfied that burden. He has not established that Sheriff Garber was actually absent when Mr. Frank left the papers with Ms. Lanclos.

Accordingly, this Court will recommend that the claim asserted by the plaintiff against Sheriff Garber should be dismissed for insufficient service of process.

### D. Consideration of Other Issues Pretermitted

Because the plaintiff has not established that service was properly effected on Mr. Reardon or Sheriff Garber, it is not necessary for this Court to consider the other issues addressed in the pending motion, and consideration of those issues is hereby pretermitted.

### CONCLUSION

Having found that the plaintiff failed to properly serve defendants Rob Reardon and Mark Garber, IT IS RECOMMENDED that the motion to dismiss (Rec. Doc. 3), which was filed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) by the defendants, Mark Garber in his official capacity as the Sheriff of Lafayette Parish and Rob Reardon, should be GRANTED, and the plaintiff's claims against Mr. Reardon and Sheriff Garber should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[11]

Signed at Lafayette, Louisiana, this 21st day of June 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[11] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).