UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LOUIS LANDRY | CIVIL ACTION NO. 6:19-cv-00367 |
| VERSUS | JUDGE JUNEAU |
| MARK GARBER, ET AL. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Before the court is the motion to dismiss (Rec. Doc. 24), which was filed on behalf of defendants Lafayette Parish Sheriff Mark Garber and Cathy Fontenot. The motion is opposed. (Rec. Doc. 26). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be GRANTED.

### BACKGROUND

In his original and amended complaints, the plaintiff, Louis Landry, alleged that he was incarcerated at the Lafayette Parish Correctional Center in Lafayette, Louisiana on March 29, 2018, when Deputy Sheriff Damien Allen and another unknown deputy entered the unit where he was housed and encouraged him to come out and fight. After the plaintiff declined to fight, the deputies allegedly entered the plaintiff's cell, pulled him out of the cell, and slammed him into a door. Deputy

1

Allen allegedly held the plaintiff against the door with his hand around the plaintiff's throat then punched him in the face, causing lacerations. The plaintiff was taken to University Health Center, where he received stitches in his face. He was then cuffed and returned to his cell. Deputy Allen was allegedly arrested, charged with assault and battery, and placed on unpaid administrative leave.

The plaintiff alleged that this incident was malicious and sadistic. He further alleged, in his original complaint, that it was part of a pattern of violence known to Lafayette Parish Sheriff Mark Garber and to the sheriff's Director of Corrections, Rob Reardon, who allegedly failed to address the problem. According to evidence presented thereafter, Mr. Reardon was no longer employed by Sheriff Garber when the alleged events occurred and he was not properly served.[1]  Accordingly, the plaintiff's claims against Mr. Reardon were dismissed.[2] In his amended complaint, the plaintiff alleged that Ms. Fontenot was employed by Sheriff Garber as the Director of Corrections when the events underlying this lawsuit took place.[3]

The plaintiff's lawsuit was brought under 42 U.S.C. § 1983, and alleged that Deputy Allen's actions violated rights guaranteed to the plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution, including the right to be

---

[1] Rec. Doc. 3-3.

[2] Rec. Doc. 14.

[3] Rec. Doc. 21 at 2.

free from punishment without due process, gratuitous and excessive force, and degrading and sadistic treatment. He sued Sheriff Garber, Ms. Fontenot, and Deputy Allen in their official and individual capacities with regard to the alleged Constitutional violations. The plaintiff also alleged that Sheriff Garber developed and maintained policies or customs that were deliberately indifferent to the Constitutional rights of citizens, particularly with regard to the use of excessive or unjustified force by his deputies, evidenced by his inadequate supervision and training of deputies and his inadequate investigation of complaints of deputy misconduct. The plaintiff also asserted state-law claims for assault and battery against Deputy Allen and alleged that Sheriff Garber is vicariously liable under Louisiana law for the assault and battery allegedly committed by his employee, Deputy Allen. The plaintiff also alleged that Sheriff Garber is liable under state law for his allegedly negligent hiring, training, supervising, and disciplining of Ms. Fontenot and Deputy Allen.

Sheriff Garber and Mr. Reardon responded to the plaintiff's original complaint by filing a motion to dismiss. That motion was granted, and the plaintiff's claims against Sheriff Garber and Mr. Reardon were dismissed without prejudice.[4]

---

[4] Rec. Doc. 14.

3

The plaintiff then filed a motion for leave to amend his complaint.[5] That motion was granted in part and denied in part, and the plaintiff was granted leave of court to assert a claim against Ms. Fontenot but denied leave to assert a claim against Sheriff Garber.[6] Despite that ruling, the plaintiff's amended complaint purports to assert claims against both Ms. Fontenot and Sheriff Garber. In the instant motion, Ms. Fontenot and Sheriff Garber seek dismissal of the claims asserted against them in the plaintiff's amended complaint.

## LAW AND ANALYSIS

### A. Sheriff Garber

The claims asserted against Sheriff Garber in the plaintiff's original complaint were dismissed. The plaintiff was then denied leave of court to amend his complaint to assert new claims against Sheriff Garber. Therefore, despite the inclusion of language in the plaintiff's amended complaint purporting to assert claims against Sheriff Garber, the plaintiff has no extant claims against Sheriff Garber. Out of an abundance of caution and for the sake of clarification, this Court will recommend granting the pending motion to dismiss to the extent that it seeks the dismissal of any claims against Sheriff Garber that might remain. To reiterate, the plaintiff

---

[5] Rec. Doc. 16.

[6] Rec. Doc. 20.

currently has no claims against Sheriff Garber, and his attempt to assert claims against Sheriff Garber in his amended complaint was unsuccessful.

### B. <u>Ms. Fontenot</u>

Ms. Fontenot seeks dismissal of the claims asserted against her on the basis that she was not properly served and also on the basis that the plaintiff failed to state a claim that can be remedied by the court.

A court cannot exercise personal jurisdiction over a defendant unless he was properly served.[7] Therefore, absent valid service of process, proceedings against a party are void.[8] A plaintiff is required to serve the summons and a copy of the complaint upon the defendants in a timely and proper manner.[9] Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may challenge the plaintiff's failure to serve the defendant or challenge the means by which the plaintiff delivered the summons and complaint to the defendant. Therefore, a Rule 12(b)(5) motion turns on the legal sufficiency of the service of process.[10] Once the validity of service of process has been contested by the defendant, the plaintiff bears the burden of

---

[7] See *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). See, also, *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 306 (5th Cir. 2014).

[8] *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968).

[9] See Fed. R. Civ. P. 4.

[10] *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012); *Holly v. Metro. Transit Authority*, 213 Fed. App'x 343, 344 (5th Cir. 2007).

establishing its validity.[11] A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process.[12]

In this case, the amended complaint described Ms. Fontenot as "a Director of Corrections at the time of the incident, and an employee of the Lafayette Parish Sheriff. . . who can be served at her place of employment, the East Baton Rouge Parish Sheriff."[13] It is undisputed that the plaintiff attempted to serve Ms. Fontenot by having a private process server leave the summons and complaint with Deputy Tammy Jackson at the address of the East Baton Rouge Parish Prison.[14] In the process server's affidavit of service, she stated that Deputy Jackson "says she is authorized to accept on behalf of Cathy Fontenot."[15] Ms. Fontenot contends that the process server's leaving the papers with Deputy Jackson did not constitute valid service on her.

Under Rule 4(e) of the Federal Rules of Civil Procedure, service on an individual may be accomplished either in accordance with the rules of the state where the court is located or by delivering the summons and complaint to the

---

[11] *Holly v. Metro. Transit Authority*, 213 Fed. App'x at 344 (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

[12] *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

[13] Rec. Doc. 21 at 2-3.

[14] Rec. Doc. 23.

[15] Rec. Doc. 23.

individual personally, leaving the papers at the individual's home with someone who lives there, or by delivering the papers to the individual's agent for service of process who was authorized by appointment or by law to receive service of process. Under Louisiana law, an individual may similarly be served personally, by delivery to a person residing at his home, or by delivery to a duly appointed agent for service of process.[16] Neither federal law nor state law permits service on an individual by delivering the papers to the person's workplace. Therefore, the plaintiff has the burden of proving that Deputy Jackson actually was Ms. Fontenot's duly-appointed agent for service of process.

Under Code of Civil Procedure Article 1235(A), "[s]ervice is made on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative." Therefore, personal service on Deputy Jackson would have been valid if Deputy Jackson was Ms. Fontenot's agent for service of process. Louisiana Code of Civil Procedure Article 5251 defines the term "agent for service of process" as "the agent designated by a person or by law to receive service of process in actions and proceedings brought against him in the courts in this state." But, under Louisiana law, service upon an agent is satisfactory only when the agent was "authorized by

---

[16] Articles 1231-1235 of the Louisiana Code of Civil Procedure.

law or by appointment" to receive it,[17] and the mere acceptance of service by someone who claims to be an agent, standing alone, is insufficient to demonstrate the existence of an agency relationship.[18] Consistently, service upon an individual through a nonauthorized agent for service of process is not a proper means of serving process under the Federal Rules of Civil Procedure.[19] "To establish an agency relationship the individual sought to be served must have *actually* authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service."[20] Although there is some authority for the proposition that designation of an agent for service of

---

[17] Fed. R. Civ. P. 4(e)(2)(C). See, also, *Carter v. City of Thibodaux Police Dept. ex rel. City of Thibodaux*, No. 13-105, 2013 WL 5673570, at *2 (E.D. La. Oct. 15, 2013).

[18] See *McClure v. A. Wilbert's Sons Lumber & Shingle Co.*, 232 So.2d 879, 883 (La. App. 1st Cir. 1970).

[19] *Randolph v. East Baton Rouge Parish School Board*, No. 15-654-SDD-EWD, 2016 WL 868230, at *2, n. 15 (M.D. La. Mar. 4, 2016) (citing *Smith v. Western Offshore, Inc.*, 590 F.Supp. 670, 674 (E.D. La. 1984)); *Fyfee v. Bumbo Ltd.*, No. H-09-0301, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009) (citing *Richards v. New York State Dept. of Correctional Services*, 572 F.Supp. 1168, 1174 (S.D.N.Y.1983)).

[20] *Wagster v. Gauthreaux*, No. 12-00011-SDD-SCR, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013) (emphasis in original; citations omitted).

process may be implied in fact,[21] that principle has not been adopted in the Fifth Circuit.[22]

In this case, the plaintiff has neither alleged nor shown that Ms. Fontenot expressly designated Deputy Jackson to be her agent for service of process.[23] Similarly, the plaintiff has not cited any law through which such a designation could have been created. Consequently, Deputy Jackson's action of accepting service on behalf of Ms. Fontenot had no legal or binding effect, and Ms. Fontenot was not properly served.

Under Fed. R. Civ. P. 4(m), a district court has the discretion to dismiss a suit if proper service is not timely made.[24] When there is "good cause" for the failure to effect service within the statutory time limit, however, the rule requires the court to

---

[21] *United States v. Ziegler Bolt & Parts Co*., 111 F.3d 878, 881 (Fed. Cir. 1997).

[22] *Carter v. City of Thibodaux Police Dept. ex rel. City of Thibodaux*, 2013 WL 5673570, at *2 (citing *O'Meara v. New Orleans Legal Assistance Corp*., No. 90–4893, 1991 WL 110401 (E.D. La. June 10, 1991) ("to establish such an agency relationship the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service.")). See, also, that *Lisson v. ING Groep N.V.*, 262 Fed. App'x 567, 569, 2007 WL 2962521, at *2 (5th Cir. 2007) (per curiam) (adopting the reasoning set forth in *O'Meara*.).

[23] *State v. Kee Food, Inc*., 2017-0127 (La. App. 1 Cir. 09/21/17), 232 So.3d 29, 33 ("A general power of attorney that permits an agent to represent another in matters of litigation, which does not specifically designate an agent for service of process, is insufficient to constitute such a designation and service on that agent is without effect."). (Citations omitted.).

[24] See, also, *Millan v. USAA Gen. Indem. Co*., 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

allow the plaintiff additional time to make service,[25] and even when the plaintiff lacks good cause, the court has discretion to extend the deadline for serving the defendants.[26] Precisely what constitutes "good cause" is fact-sensitive.[27] At a minimum, however, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect. . . [rather than] simple inadvertence or mistake of counsel or ignorance of the rules. . . ."[28]

In this case, the plaintiff has not provided any reasoning or justification for his failure to serve Ms. Fontenot properly. Instead, the plaintiff first suggested that it is the defendant's duty to prove that Deputy Jackson lacked authority to accept service for Ms. Fontenot. That is simply not the case. As stated above, the plaintiff has the burden of proving that service was properly made. Second, the plaintiff argued that, under Louisiana law, service may be made on a public officer by serving his or her employee. But the amended complaint alleged only that Ms. Fontenot was employed by the East Baton Rouge Parish Sheriff at the time that service was attempted. That single allegation does not establish that Ms. Fontenot is any type of

---

[25] Fed. R. Civ. P. 4(m); *Millan v. USAA General Indem. Co.*, 546 F.3d at 325; *Thompson v. Brown*, 91 F.3d at 21.

[26] *Millan v. USAA General Indem. Co.*, 546 F.3d at 325; *Thompson v. Brown*, 91 F.3d at 21.

[27] *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444 (5th Cir. 1996).

[28] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

public officer or that Deputy Jackson was her employee, and the plaintiff offered no additional evidence in support of that contention. Therefore, the plaintiff did not establish that the cited portion of Article 1265 is applicable.

In sum, the plaintiff failed to establish the excusable neglect required for a showing of good cause. This is particularly egregious since the claims asserted by the plaintiff against two other defendants in this same lawsuit were previously dismissed due to the plaintiff's failure to serve them properly. Furthermore, the motion to dismiss was filed approximately one month ago, but the plaintiff has not moved for an extension of the time period for serving Ms. Fontenot or filed anything in the record demonstrating that another attempt was made to serve her properly. Either of those actions might have mooted Ms. Fontenot's objections to the way that service was attempted.

Because the plaintiff did not properly serve Ms. Fontenot and has not established that he had good cause for failing to do so, this Court will recommend that the claim asserted by the plaintiff against Ms. Fontenot should be dismissed for improper or insufficient service of process.

## C. Consideration of Other Issues Pretermitted

Because the plaintiff has not established that Ms. Fontenot was properly served, it is not necessary for this Court to consider the other issues addressed by

11

Ms. Fontenot in support of the pending motion, and consideration of those issues is hereby pretermitted.

## Conclusion

For the reasons stated above, IT IS RECOMMENDED that the motion to dismiss (Rec. Doc. 24), which was filed on behalf of Sheriff Mark Garber and Cathy Fontenot, should be GRANTED. More particularly, IT IS RECOMMENDED that (a) any and all claims asserted in the plaintiff's amended complaint against Sheriff Garber should be dismissed without prejudice because the plaintiff's motion to amend the complaint to add such claims was previously denied; and (b) the plaintiff's claims against Ms. Fontenot should be dismissed without prejudice because the plaintiff failed to serve her properly.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[29]

Signed at Lafayette, Louisiana, this 18th day of October 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[29] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).